UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JONATHAN R. MOOTHART, an individual,

    Plaintiff,

v

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia limited liability company, and
PINNACLE CREDIT SERVICES, LLC, a
Minnesota limited liability company,

    Defendants.

Case No. 1:16 -_____

Hon.

_____/
Jonathan R. Moothart (P40678)
Moothart & Sarafa, PLC
Attorney for Plaintiff
9815 Miami Beach Rd.
PO Box 243
Williamsburg, MI 49690-0243
(231) 947-8048
jon@moothartlaw.com
_____/

**Complaint for Violation of Fair Credit Reporting Act**

**Parties, Jurisdiction and Venue**

1. Plaintiff Jonathan R. Moothart is an individual residing in Grand Traverse County. Plaintiff is a licensed attorney in the State of Michigan.

2. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with a registered agent for service of process in the State of Michigan listed with the Michigan Department of Licensing and Regulatory Affairs as CSC-Lawyers Incorporating Service (Company), 601 Abbott Rd., East Lansing, MI 48823. **Exhibit A**.

3. Equifax is a consumer reporting agency as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("CRA").

4. Defendant Pinnacle Credit Services, LLC ("Pinnacle") is a Minnesota limited liability company with an office address registered with the Minnesota Secretary of State at 7900 Hwy 7, St Louis Park, MN 55426 (see **Exhibit B**) doing business in the State of Michigan without a certificate of authority. **Exhibit C**.

5. Pinnacle is a furnisher of information to credit reporting agencies under the CRA.

6. This Court has jurisdiction over this case pursuant to 15 U.S.C. 1681p, and the Western District of Michigan is a proper and convenient venue.

### Facts

7. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

8. In April, 2011, Plaintiff settled a disputed debt (account number 078295976600001) claimed to be owed to Verizon Wireless by Plaintiff, which settlement was confirmed by transmittal of documents to Pinnacle, including without limitation in April, 2015 (see documents attached as **Exhibit D**).

9. When Pinnacle refused to correct its records and inform credit reporting agencies, and in connection with Plaintiff's attempt to refinance the mortgage on his home, Plaintiff filed disputes with Equifax, as well as TransUnion and Experian. The documents in **Exhibit D** were provided to the three agencies. Equifax then notified Pinnacle of the dispute.

10. TransUnion and Experian immediately deleted the settled account from Plaintiff's credit report. **Exhibit E**.

11. Equifax moved much more slowly, sending Plaintiff numerous e-mails stating it was investigating the matter. An example is attached as **Exhibit F**.

12. In a letter dated April 20, 2016 ("the Letter"), Pinnacle contacted Plaintiff through an entity called "Crosstown Law, LLC, Attorneys & Counselors at Law." The letter was signed on behalf of the law firm by "Samantha Schely." **Exhibit G**. Plaintiff received the Letter on or about April 27, 2016.

13. Upon information and belief, Samantha Schely is not licensed to practice law.

14. The Letter confirmed that Pinnacle had been notified of Plaintiff's dispute by Equifax, and stated that Crosstown represented Pinnacle and requested information regarding the disputed debt.

15. Plaintiff had no duty or legal obligation to respond to the Letter.

16. Yet, immediately upon receipt of the Letter, Plaintiff called the number provided therein. No one answered, Plaintiff left a message, and no one called back.

17. Plaintiff also responded to the Letter within the 5-day period provided therein, again supplying the documents attached as **Exhibit D**. See **Exhibit H**.

18. Thereafter, Equifax notified Plaintiff as follows:

> **We have researched the credit account. Account # - NK06\* The results are:** We have verfied that this information has been reported correctly. Additional information has been provided from the original source regarding this item. This creditor has verified to OUR company that the balance is being reported correctly. If you have additional questions about this item please contact: **Pinnacle Credit Services L, PO Box 640, Hopkins, MN 55343-0640 Phone: (952) 939-8100.**

**Exhibit I**.

19. Plaintiff had no duty or legal obligation to respond to Equifax or to call Pinnacle; yet, Plaintiff did call the number for Pinnacle provided by Equifax. After approximately a half hour on hold a representative came on the line, who said she would transfer Plaintiff to another person to talk with. The automated message said that the wait time would be approximately one minute. Plaintiff waited for another half hour, during which the automated message of a one minute wait time was repeated over and over again. After the additional half hour of waiting, Plaintiff gave up.

### Count I - Violation of Fair Credit Reporting Act

20. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs of these pleadings.

21. Equifax has violated CRA for reasons which include without limitation by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate. 15 U.S.C. 1681i.

22. Pinnacle has violated CRA by failing to comply with 15 U.S.C. 1681s-2. In particular and without limitation, Pinnacle failed to inform Equifax that the disputed item had been settled in full.

23. Defendants' violations of CRA were willful, intentional, or at least reckless, given the clarity of the information in **Exhibit D** including without limitation the clarity of the accord and satisfaction evidenced thereby and the matching account numbers in the disputed and clearly settled alleged debt.

24. Alternatively, Defendants' violations were negligent.

25. Plaintiff has been damaged by Defendants' violations, including without limitation in delays in completion of his home mortgage refinancing, increased interest rates, and lowered credit ratings and scores.

WHEREFORE, Plaintiff requests that this Court (1) order Defendants to immediately correct all credit information of Plaintiff; and (2) award Plaintiff damages in such amounts as are appropriate under 15 U.S.C. 1681 *et seq.*, including statutory, actual, and punitive damages, costs of suit, and attorney fees.

Dated: June 1, 2016                                    MOOTHART & SARAFA, PLC

                                                       By: /s/ Jonathan R. Moothart
                                                           Jonathan R. Moothart (P40678)
                                                           Attorney for Plaintiff
                                                           9815 Miami Beach Rd.
                                                           P.O. Box 243
                                                           Williamsburg, MI 49690
                                                           (231) 947-8048